IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Miscellaneous Action No. 7:20-mc-00002 |
| | ) | |
| WILLIAM A. WHITE, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Miscellaneous Action No. 7:20-mc-00026 |
| | ) | |
| WILLIAM A. WHITE, | ) | By: Elizabeth K. Dillon |
| | ) |     United States District Judge |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER DENYING PETITIONS TO DISCLOSE GRAND JURY MATERIALS**

These miscellaneous actions are petitions to disclose grand jury materials pursuant to Rule 6 of the Federal Rules of Criminal Procedure. A hearing is not necessary to resolve these matters, and for the reasons stated below, the petitions will be denied.

I.   BACKGROUND

**A.   Criminal Convictions**

White has been sentenced to approximately thirty years in prison for convictions in various federal jurisdictions. His projected release date is in 2037.

In 2014, White was convicted of five counts of making extortionate threats in the Middle District of Florida. *United States v. White*, 654 F. App'x 956 (11th Cir. 2016). White had fled to Mexico in violation of the terms of his probation. On the way to Mexico, White sent

threatening packages to a judge, a U.S. Attorney, and a prosecutor through the mail, and he threatened the judge on Facebook. *Id.* at 959. White also sent a series of threatening messages to several state officials in Florida seeking the release of certain individuals associated with a violent white supremacist organization called the American Front. *Id.* at 960–62.

Prior to his Florida conviction, White was convicted in this judicial district for sending extortionate threats to his wife. *United States v. White*, 810 F.3d 212, 216–18 (4th Cir. 2016). Also in this district, White was convicted of sending threats to a bank employee, a college administrator, and several apartment tenants. *United States v. White*, 670 F.3d 498, 501–06 (4th Cir. 2012).[1] And in 2008, White was convicted of juror intimidation in the Northern District of Illinois. White contacted a member of a jury that convicted a known white supremacist, then posted the juror's information online. *United States v. White*, 698 F.3d 1005, 1008–12 (7th Cir. 2012).

In combination, White was sentenced to approximately 30 years in prison—210 months in Florida, 92 and 33 months in Virginia (along with 10 months for violating supervision and fleeing to Mexico), and 42 months in Illinois. (Dkt. No. 421-1, Case No. 7:08-cr-00054.)

**B. Miscellaneous Action No. 7:20-mc-00002**

In this action, White seeks the release of grand jury matters conducted in this district between 2005 and 2006. (Dkt. Nos. 1, 2, 3, and 10-1.)[2] White asserts that certain FBI documents that he received pursuant to FOIA requests illustrate that the United States committed prosecutorial misconduct and fraud. According to one document, for example, the purpose of the grand jury was to investigate White's involvement in lawfully protected speech and

---

[1] White sent threatening packages to African-American tenants of an apartment complex who were pursuing a claim of racial housing discrimination against their landlord.

[2] The court construed Dkt. Nos. 1, 2, and 3 collectively as a petition or motion to unseal and disclose grand jury materials. (Case No. 7:08-cr-00054, Dkt. Nos. 404, 405.) White filed a motion to amend his petition, which the court granted. (Case No. 7:20-mc-00002, Dkt. Nos. 10, 11.)

association with the National Socialist Movement. (Dkt. No. 1 at ¶ 4.) White claims that the National Socialism movement was created by the FBI in 1974. (*Id.*) White continues:

> The particularized need for the Grand Jury records in this case is real straight forward: During the period 2008 to 2014, the United States repeatedly prosecuted me using corrupt tactics, namely, the convening of Grand Juries all across the United States under false premises, and, the use of the improperly obtained material to fabricate charges against me. Further, the government has repeatedly, from 2007 to 2018, lied to, and, committed fraud against, US District Courts, including this Court, the Eastern District of Virgiia, and, the Southern District of Illinois, in order to obtain favorable judgments in civil proceedings. Particularly, the government has fraudulently denied that I was the target of a national counter-intelligence/disruption operation when their own records show that I was, in fact, the victim of such an operation. All of this is a particular need, as Exh A(b) strongly suggests that this Grand Jury was part of these unlawful activities, and, frauds.

(*Id.* ¶ 15.)

### C. Miscellaneous Action No. 7:20-mc-00026

The subject of this action is a third grand jury proceeding. According to White, this grand jury immediately followed the 2005–06 grand jury and involved a charge for threats brought in Case No. 7:08-cr-00054. White states that this "late discovery of yet another previously undisclosed Grand Jury also shows why an Order compelling the United States to disclose all Grand Juries seated against me in this District is important." (Dkt. No. 1 ¶ 4.)

## II.  ANALYSIS

Rule 6 of the Federal Rules of Criminal Procedure allows the disclosure of grand jury matters when authorized by a court "preliminary to or in connection with a judicial proceeding." Fed. R. Crim. P. 6(e)(3)(E)(i). The decision whether to order the disclosure of grand jury testimony is within the court's discretion. *In re Grand Jury Proceedings GJ-76-4 & GJ-75-3*, 800 F.2d 1293, 1298–99 (4th Cir. 1986).

The Supreme Court has held that the secrecy of the grand jury "must not be broken except where there is a compelling necessity." *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682 (1958). In *Proctor & Gamble*, the Court articulated several of the reasons underlying grand jury secrecy including, as relevant here, to "encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes." *Proctor & Gamble*, 356 U.S. at 681 n.6.[3] The Court held that grand jury secrecy could be "lifted discretely and limitedly" in cases of "particularized need." *Id.* at 683. The Court subsequently formulated its test for a "particularized need" as follows:

> Parties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only the material so needed.

*Douglas Oil Co. of Cal. v. Petrol Stops N.W.*, 441 U.S. 211, 222 (1979). The Fourth Circuit has explained this "particularized need" inquiry as requiring the court to "balance the petitioner's need for release against the traditional public interest reasons for grand jury secrecy," because "'only in those cases where the need for [disclosure] outweighs the public interest in secrecy' will the requirement of 'particularized need' for release be found to exist." *In re Grand Jury Proceedings GJ-76-4 & GJ-75-3*, 800 F.2d at 1298–99 (quoting *United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 443 (1983)). The moving party bears the burden of showing that the balance between secrecy and need weighs in its favor. *Id.*; *see also United States v. Foggo*, 595 F. Supp. 2d 672, 675 (E.D. Va. 2009).

---

[3] The other factors are relevant when the grand jury and criminal proceedings are ongoing. *See Proctor & Gamble*, 356 U.S. at 681 n.6 ("(1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before grand jury and later appear at the trial of those indicted by it . . . [and] (5) to protect innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.") (quoting *United States v. Rose*, 215 F.2d 617, 628–29 (3d Cir. 1954)).

White cannot meet the standard for disclosure of grand jury materials because there are no ongoing judicial proceedings for which a possible injustice could be avoided. A review of the dockets in White's criminal cases reveals that White's various motions for relief from his sentence under 28 U.S.C. § 2255 have largely been denied or dismissed for lack of jurisdiction as unauthorized successive petitions. *See, e.g.*, Case No. 7:08-cr-00054 (W.D. Va.), Dkt. Nos. 397, 398; Case No. 7:13-cr-00013 (W.D. Va.), Dkt. Nos. 358, 377. It appears that a § 2255 motion is still pending in the Northern District of Illinois, but it is likely that this motion would be considered an unauthorized successive petition. *See United States v. White*, No. 1:16cv10950 (N.D. Ill.). A compassionate release motion is still pending in this district, but this motion does not contain any allegations of prosecutorial misconduct. *See* Case No. 7:13-cr-00013, Dkt. No. 414.

Second, White has not established that the need for disclosure outweighs the need for continued secrecy. White provides only vague and conclusory allegations, and not specific evidentiary support or even a credible theory about what may be found in the grand jury proceedings to support his claims of government misconduct.

Third, White's request is overly broad and not structured to cover specific needed material. Instead, his request is for the disclosure of everything that occurred before multiple grand juries. Disclosing the details of multiple grand jury investigations in their entirety could impact future grand jury investigations by making witnesses unwilling to testify truthfully. Courts "must consider not only the immediate effects upon a particular grand jury, but also the possible effect upon the functioning of future grand juries." *Douglas Oil*, 441 U.S. at 222.

### III.  CONCLUSION

Based on the foregoing, it is HEREBY ORDERED that the petitions to disclose grand jury materials (Dkt. Nos. 1, 2, and 3, and 10-1 in Case No. 7:20-mc-00002, Dkt. No. 1 in Case

No. 7:20-mc-00026) are DENIED. The Clerk of Court is directed to STRIKE these cases from the active docket of the court and to send a copy of this memorandum opinion and order to defendant and to all counsel of record.

    Entered: October 22, 2021.

                                              /s/ Elizabeth K. Dillon
                                                 Elizabeth K. Dillon
                                                 United States District Judge